UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOLAN HUDSON, JR. | CIVIL ACTION |
| VERSUS | NO. 08-3508 |
| WARREN RILEY ET AL. | SECTION "C" (2) |

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Nolan Hudson, Jr., was a prisoner incarcerated in the Orleans Parish Prison system ("OPP"). Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he was harassed by an officer of the New Orleans Police Department and charged with a crime he did not commit. Plaintiff seeks injunctive relief and monetary damages. Record Doc. No. 1, Complaint at ¶¶ IV and V.

By order dated June 11, 2008, the court required plaintiff to file with the court on or before July 2, 2008 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be

called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness. A review of the record indicates that this order was mailed to plaintiff at the address listed in his complaint at OPP. This order was returned to the court, and no response from plaintiff was received. Record Doc Nos. 5 and 11.

Because mail sent to plaintiff by the court had been returned, Record Doc. Nos. 10, 11 and 12, staff of the undersigned magistrate judge inquired and learned from OPP staff that plaintiff had been released from incarceration on June 5, 2008. My office obtained the address plaintiff had provided to prison staff when he was initially booked. Thereafter, by order dated June 26, 2008, plaintiff was granted until July 18, 2008 to respond to the court's previous order requiring him to provide the court with a statement of facts and list of witnesses and exhibits. Plaintiff was further advised that it is his responsibility to keep the court advised of any address change and that failure to comply with the orders of the court may result in dismissal of this action. The Clerk was directed to mail a copy of this order to plaintiff at the address provided to the court by OPP staff. Record Doc. No. 13. In response, plaintiff filed a motion on July 17, 2008, and was granted an extension of time of 30 days until August 18, 2008, to respond to the court's orders. The court's June 26 and July 18, 2008 orders were not returned to the court.

However, no other response from plaintiff providing the required information has been received. Record Doc. Nos. 13, 17 and 18.

Accordingly, on August 21, 2008, plaintiff was ordered to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's previous orders dated June 26 and July 18, 2008, granting plaintiff additional time to respond. Alternatively, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than September 8, 2008. Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. Record Doc. No. 19. The record reflects that this order was sent by the Clerk to plaintiff at the address provided to the court by OPP staff, as set out above, and subsequently confirmed by plaintiff in his motion for extension of time, Record Doc. No. 17.

Thereafter, on September 8, 2008, the date plaintiff's response was due, plaintiff advised my office via telephone that he had only recently received the court's August 21, 2008 order, and that he required an extension of time of two weeks to provide the court with the statement of facts and list of witnesses and exhibits previously ordered. To accommodate plaintiff's request, by order issued September 10, 2008, plaintiff was granted a further extension until September 22, 2008 to respond. Plaintiff was again

advised that this would be the court's final notice of this requirement and that failure to comply with the court's order will result in issuance of a report and recommendation that his case be dismissed for failure to prosecute.  Record Doc. No. 20.  This order has <u>not</u> been returned to the court, but still no response from plaintiff has been received.

Although some mail addressed to plaintiff at the jail was returned to the Clerk's Office due to plaintiff's release from prison, no mail addressed to plaintiff at the address he provided to OPP staff upon booking and subsequently confirmed by plaintiff's motion for extension of time, Record Doc. No. 17, has been returned to the court.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1E and 41.3.1E.  In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated April 22, 2008, and signed by plaintiff:  "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.  <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987).  In applying the

sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with

Local Rules 11.1E and 41.3.1E and the court's June 11, June 26, July 18, August 21 and September 10, 2008 orders, clearly reflects a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within ten (10) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Nolan Hudson, Jr., be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this __17th__ day of October, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE